IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GUADALUPE DELARA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 05 C 2375 |
| ) | |
| FEDERAL EXPRESS CORPORATION, ) | Hon. Mark Filip |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Mr. Guadalupe Delara, has sued Defendant, Federal Express Corporation, as a result of a personal injury incident. Federal Express Corporation has removed the case to federal court on grounds of diversity of citizenship. Mr. Delara has moved to remand the case to state court. For the reasons stated below, the motion to remand is respectfully denied.

I.  Introduction and Factual Background

Defendant, Federal Express Corporation, has removed this case to federal court based on subject matter jurisdiction conferred by diversity of citizenship. Plaintiff, Guadalupe Delara, originally filed suit against Defendant on March 16, 2005, in the Circuit Court of Cook County, Illinois. (D.E. 1, Ex. B.)[1] Plaintiff alleges that Defendant negligently operated a company truck and thereby caused personal injury to Plaintiff. (*Id.*, Ex. B. ¶¶ 10-11.) On April 21, 2005, or thirty-one days after receiving the summons and complaint on March 21, 2005 (D.E. 9 ¶ 4), Defendant filed a notice of removal. (D.E. 1 ¶ 5.) Defendant's notice of removal indicated that

---

[1] The various docket entries in this case are cited as "D.E. __."

Defendant "believes in good faith" that the amount in controversy exceeds the jurisdictional limit of $75,000. (*Id.* ¶ 7.) On April 27, 2005, Defendant propounded interrogatories and requests to admit to Plaintiff "to confirm that the amount in controversy exceeds $75,000." (*Id.* ¶ 8; D.E. 11 ¶ 5.) On May 20, 2005, Plaintiff responded, confirming that diversity of citizenship existed and that the amount at issue was greater than $75,000. (D.E. 11 ¶ 6.) The same day that Plaintiff averred that the amount in controversy exceeded $75,000 and that there was complete diversity of citizenship between the parties, Plaintiff filed an objection to removal and motion to remand. (D.E. 9.) Plaintiff objected to Defendant's removal attempt on grounds that Defendant failed to file a timely notice of removal within the thirty-day time period prescribed in the first paragraph of 28 U.S.C. § 1446(b). (*Id.* at ¶¶ 10-11.)

On June 1, 2005—or twelve days after Defendant received Plaintiff's interrogatory answers that confirmed complete diversity of the parties and that the amount in controversy exceeded $75,000—Defendant filed an amended notice of removal. (D.E. 11.) On the same date, Defendant also filed a response to Plaintiff's motion for remand and alleged that the Defendant's original motion for removal was, if anything, premature because Plaintiff's complaint failed to provide facts sufficient for Defendant to discharge its burden of establishing the propriety of diversity jurisdiction. (D.E. 14 at 1.) Defendant explained that it earlier had merely been attempting, albeit unsuccessfully, to employ a "belt and suspenders" approach to removal. (*Id.* at 4.)

Plaintiff's motion to remand is respectfully denied because Defendant's amended notice of removal was timely under the guidelines established in the second paragraph of 28 U.S.C. § 1446(b), as explained further below.

II.     Legal Principles

Section 1332(a) of Title 28 of the United States Code confers jurisdiction on district courts when the matter in controversy exceeds $75,000 and the parties are completely diverse. *Id.* Section 1441 of Title 28 allows for removal of any action in state court that could have originally been filed in federal court. *Id.* In diversity cases, the party seeking removal bears the burden of demonstrating that the threshold elements that establish the propriety of removal—*i.e.*, complete diversity of the parties and that the amount in controversy exceeds $75,000—are satisfied. *See, e.g., Chase v. Shop 'n Save Warehouse*, 110 F.3d 424, 427 (7th Cir. 1997) (collecting cases). Unless the party seeking removal can rely on averments in the complaint (which is not always possible, depending on how the complaint is written—*see generally id.* at 427-28), in order to discharge its burden, the party seeking removal must supply "competent proof" concerning the prerequisites to diversity jurisdiction. *Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 366 n.2 (7th Cir. 1993) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 179 (1936)). In the Seventh Circuit, evidence which proves "to a reasonable probability that jurisdiction exists" meets the standard of "competent proof." *Shaw*, 994 F.2d at 366 & n. 2; *accord, e.g., Chase*, 110 F.3d at 427 (collecting cases).

Section 1446(b) of Title 28 outlines two scenarios for removal of a case from state court to federal court. The first paragraph of Section 1446(b) provides, "The notice of removal of a civil action or proceeding shall be filed within thirty days after receipt by the defendant . . . of a copy of the initial pleading . . . or within thirty days after the service of a summons upon the defendant . . . whichever period is shorter." 28 U.S.C. § 1446(b). Courts strictly construe this removal provision. *See State v. Kerr-McGee Chemical Corp.*, 677 F.2d 571, 576 (7th Cir. 1982);

3

*Buczkowski v. Oliva*, No. 04 C 968, 2004 WL 1595231, at *4 (N.D. Ill. Jul. 15, 2004). Defendant does not dispute that its original notice of removal was filed one day after the statutorily prescribed thirty-day limitation mentioned in the first paragraph of Section 1446(b). The timing of Defendant's initial notice of removal prompted Plaintiff's objection to removal and motion to remand.

However, the second paragraph of Section 1446(b) provides an alternate avenue for effecting removal when "the case stated by the initial pleading is not removable." 28 U.S.C. § 1446(b). In such instances, "a notice of removal may be filed within thirty days after receipt by the defendant . . . of a copy of an amended pleading, motion, or other paper from which it may be ascertained that the case is one which is or has become removable." *Id.* As discussed below, Plaintiff's original complaint fails to sufficiently set forth a basis for removal to federal court. (*See* D.E. 1, Ex. B.) Put differently, the face of Plaintiff's original complaint did not contain sufficient information to allow the conclusion that the case was properly heard under the diversity jurisdiction of the federal courts. Thus, the timing of the original notice of removal is not, as explained below, material to the analysis, as it would not have provided a basis for removal even if it had been filed within thirty days of Defendant's receipt of the complaint or summons. Defendant filed a timely amended notice of removal within thirty days of Defendant's receipt of Plaintiff's responses to interrogatories which conclusively and for the first time established sufficient grounds for removal to federal court. (D.E. 11.) Those interrogatories were propounded, the answers were received, and the amended notice of removal based on those answers were completed within the overall one-year time limit established in the second paragraph of Section 1446(b). Under those circumstances, this case is properly in federal court.

As alluded to above, Plaintiff's original complaint lacks sufficient information to conclude that the case involves more than $75,000 in claimed damages. The sole mention of damages was that Plaintiff "suffered injuries of a personal and pecuniary nature" as a result of his hand becoming caught in a truck's rear door latching mechanism and being "pulled when the FedEx truck pulled from the loading dock." (D.E. 1, Ex. B ¶¶ 8-11.) These vague references fail to establish the severity of Plaintiff's injuries or reasonably indicate that the amount in controversy exceeds $75,000. *See Shaw*, 994 F.2d at 367 ("A most absurd (and unsatisfactory) result would be to deny jurisdiction in each tort case from Illinois because the complaint filed in state court is unclear about the amount in controversy."). Although getting one's hand or foot caught in the course of a loading job is certainly a *potentially* dangerous issue, in a loading job, one's hands or feet fortunately may be temporarily caught in or under something and thereafter pulled free without one suffering serious harm—for example, if one's hand is caught and thereafter slips out of a latch without serious incident, or if one's hand or foot is trapped under boxes and thereafter pulled free without serious consequence. Although Defendant's original notice of removal asserted, upon information and belief, that Defendant believed in good faith that the amount in controversy exceeded $75,000 (D.E. 1 ¶¶ 3,7), the complaint did not provide sufficient information to allow Defendant to demonstrate with "competent proof" or to any reasonable likelihood that the case was in fact removable.

To be clear, the Court is not saying that a plaintiff necessarily must expressly demand "in excess of $75,000" to permit (and require, upon pain of waiver) a defendant to remove a case. Neither Section 1446 nor precedent applying it excises common sense from the equation. Thus, for example, in *Campbell v. Bayou Steel Corp.*, 338 F. Supp. 2d 896 (N.D. Ill. 2004) (Pallmeyer,

J.), the court held that the case was removable (and thus subject to the thirty-day trigger) where the complaint alleged that the plaintiff "'suffered severe and permanent injuries, and was forced to, and will continue to seek extensive medical treatment'" in connection with a barge accident in which the plaintiff was injured. *Id.* at 898 (quoting complaint). Furthermore, in answers to state court interrogatories that were tendered months before the notice of removal was filed, plaintiff "stated that he had 'suffered severe injuries to both of his legs, his left leg was amputated above the knee, his right leg was crushed resulting in his femur being rebuilt with rods, plates, and screws, and his right ankle was also being rebuilt.'" *Id.* at 899. Under those very different circumstances, *Campbell* remanded a case that was removed months after the interrogatory answers were tendered and almost a year after the complaint had been filed in state court. *Id.* at 902-03.

Similarly, in *McCoy v. General Motors Co.*, 226 F. Supp. 2d 939 (N.D. Ill. 2002) (Castillo, J.), the plaintiffs filed a product liability complaint in state court and alleged that the brakes on their car failed, causing the vehicle to crash into an oncoming car. Plaintiffs alleged that "each occupant of the vehicle sustained 'lasting and permanent injuries' and other damages including 'severe pain, . . . disability . . . disfigurement and paralysis.'" *Id.* at 940 (quoting complaint). Plaintiffs also alleged "'future loss of income, medical expenses, [and] loss of normal life." *Id.* at 940. The *McCoy* court stated that "it is obvious from a common-sense reading of the complaint that Plaintiffs were seeking in excess of $75,000 in damages." *Id.* at 941. As a result, the court found, the defendant needed to have filed a notice of removal within thirty days of the filing of that complaint. *Id.* at 942-43.

In the instant case, by way of contrast, there were no statements in Plaintiff's complaint to

6

"sound warning bells in [D]efendants' ears that significant damages [were] sought." *McCoy*, 226 F. Supp. 2d at 941. Thus, if Defendant had timely sought to remove on the basis of that original complaint only under the first paragraph of Section 1446(b), its notice of removal would have been defective. *See, e.g., id.* at 943 ("The defendant bears the burden of establishing removability, and all doubts about federal jurisdiction are resolved in favor of remand to state court.") (citation omitted); *accord Shaw*, 994 F.2d at 366 (removal movant must offer "proof to a reasonable probability that jurisdiction exists"). The absence of any mention of degree or type of injury, medical expenses, and lost wages in Plaintiff's complaint would prohibit Defendant from removing the complaint without further information garnered from Plaintiff.

Although the Court need not conclusively rule on this issue to resolve the pending motion, given the analysis above, the Court also notes that Plaintiff's complaint alone likely does not contain sufficient information to reasonably conclude that there is diversity of citizenship between the parties. Although the complaint correctly indicates that Federal Express is a corporation foreign to Illinois (D.E. 1, Ex. B ¶ 1), the complaint does not address Plaintiff's state of citizenship (*See* D.E. 1, Ex. B). Instead, it merely states that the Plaintiff "was working in his capacity as a forklift driver" at his place of employment in Bensenville, Illinois. (*Id.* ¶¶ 3-4.) Under federal law, the relevant issue for assessing the propriety of diversity jurisdiction is the citizenship of the parties, not their place of employment or even their residence. *See, e.g., H.B. Fuller Co. v. Kinetic Sys., Inc.*, 932 F.2d 681, 685 (7th Cir. 1991) (citing 28 U.S.C. § 1332(a)(1)). While one might more readily assume that diversity of citizenship would be met (as compared to attempting to reach reasonable conclusions about whether more than $75,000 in damages is at issue), the assumption that someone who works in Bensenville, Illinois is likely a

citizen of Illinois would certainly not be a sure one.[2] Although the Court need not resolve this issue to decide the pending motion, insufficient information concerning citizenship of the parties would provide a second, independent basis for Defendant to remove under the second paragraph of Section 1446(b), which applies where "the case stated by the initial pleading is not removable." 28 U.S.C. § 1446(b).

The parties also variously discuss the former (and since repealed) Local Rule 81.2, which set forth a procedure concerning removals. Local Rule 81.2 had triggered a split in the district courts, which disagreed over whether (1) a case was immediately removable where (unlike here) the face of the complaint made it obvious that more than $75,000 was at issue, even if there was no express specification of damages; or (2) even where it was (unlike here) obvious from the face of a complaint that more than $75,000 was at issue, a defendant could nonetheless wait for up to one year to trigger the interrogatory/request-to-admit discovery process contemplated by L.R. 81.2, and only needed to remove promptly after receipt of the plaintiff's discovery response(s). *See, e.g., Campbell v. Bayou Steel Corp.*, 338 F. Supp. 2d 896, 901-02 (N.D. Ill. 2004) (discussing cases). Nothing about that split, which was at least one of the reasons why L.R. 81.2 was repealed, is implicated here. This case, as explained above, could not have been defensibly removed on the basis of the complaint alone, and Defendant promptly did obtain information via

---

[2] It is literally hornbook law that someone might temporarily work at one location, or attend school there, but nonetheless be a citizen of a different state. *See* Jack H. Friedenthal et al., *Civil Procedure* §2.6 (3d ed. 1999). In addition, the relevant time for assessing diversity of citizenship is the time that the suit is filed, not the time of the incident in question. *See Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 570 (2004); *Bontkowski v. Smith*, 305 F.3d 757, 763 (7th Cir. 2002). The complaint only speaks to Plaintiff's place of employment—there is no information in the complaint that speaks to Plaintiff's residence, much less his citizenship, as of the time of the filing of the lawsuit. (*See* D.E. 1, Ex. B.)

discovery to confirm that the case could properly be situated here in federal court. So, to the extent the issue has any relevance at all, this case would be properly situated in federal court under any view of the repealed L.R. 81.2,[3] and, more to the point, it is also properly situated in federal court via removal under the second paragraph of Section 1446(b).[4]

Finally, Plaintiff appears to object to the idea that Defendant filed an "amended notice of removal," contending that the amended notice cannot make the original notice of removal timely. (D.E. 17 at 5.) This argument is misplaced. The amended notice is not relevant because it somehow could change the date that the original notice was filed—i.e., thirty-one days after Defendant was served with the complaint—within the meaning of the first paragraph of 28 U.S.C. § 1446(b). The amended notice is relevant because it was timely filed after Defendant

---

[3] Plaintiff's citation of *Zeedyk v. Federal Express Corp.*, No. 03 C 9191, 2004 WL 417202 (N.D. Ill. Mar. 1, 2004), is misplaced. *Zeedyk* remanded a case to state court where the defendant had not sought discovery via a request to admit or interrogatory, but *Zeedyk* expressly stated that the defendant was free to seek again to remove the case once the evidentiary record concerning the amount at issue was developed. *Id.*, 2004 WL 417202, at n.1. As a result, *Zeedyk* supports the removability of this case, in which removal was promptly sought via the amended notice once the evidentiary record concerning the amount at issue was established. *Accord, e.g., Stemmons v. Toyota Tsusho America, Inc.*, 802 F. Supp. 195, 198 (N.D. Ill. 1992) (remanding case to state court because allegations in complaint were incomplete and vague regarding damages, stating that doubts about amount in controversy are "best resolved in favor of remand," and expressly explaining that "if it should later appear through further proceedings . . . that the requisite amount in controversy" is at issue, "the thirty-day period for seeking removal would begin anew") (citations omitted).

[4] As the committee comment accompanying the repeal of L.R. 81.2 indicates, there are procedural avenues available under Illinois law for a plaintiff who wants to remain in state court and does not intend to seek more than $75,000 in damages, irrespective of the potential to seek more. *See Committee Comment to Former Northern District of Illinois Local Rule 81.2* (repealing former Local Rule 81.2 and citing Ill. Sct. R. 216). Plaintiff did not bind himself to seeking less than $75,000 as is permissible under state law; indeed, on the very same day that Plaintiff sought remand, he tendered discovery responses making clear that he sought in excess of the $75,000 amount triggering federal court jurisdiction.

received Plaintiff's interrogatory answers that provided, for the first time, a sufficient basis to properly and defensibly effect a removal to federal court. Precedent makes clear that there is nothing improper about successive removal attempts. *See Benson v. SI Handling Sys., Inc.*, 188 F.3d 780, 782-83 (7th Cir. 1999). In fact, *Benson* noted that successive removals may occur where the plaintiff has not specified a damages amount and the defendant cannot "make and substantiate a realistic [damages] estimate early in the case" because the "plaintiff[] keep[s] mum," thus triggering a remand. *Id.* at 783. But once matters change in a material way, for example, as *Benson* expressly identifies, by the plaintiff's "disclosure that the stakes exceed the jurisdictional amount—the case may be removed, provided only that it is less than one year old." *Id.*; *see also id.* ("The only effect of adopting an absolute one-bite rule [concerning the propriety of removal attempts] would be to encourage plaintiffs to be coy. [. . . .] We see no reason to reward game-playing of this kind."). While the Court certainly ascribes no ill-motive or deed to Plaintiff here, this is a case where, as *Benson* expressly contemplates, there has been a material change (*i.e.*, the interrogatory answers establishing the propriety of removal) between the first and second removal attempts. *See id.*[5] The second removal attempt, via the amended notice of removal, therefore is proper under the second paragraph of Section 1446(b).

---

[5] The Court also sees nothing of any practical consequence to the fact that in this case, the new information came before the case had been remanded to state court, such that Defendant filed an "amended" notice of removal as opposed to filing a second removal notice after the case had been remanded to state court. There is nothing to be gained by requiring the parties to spend time and money, and the clerks of court in the state and federal courthouses to expend public resources, effecting a remand that will simply prompt an immediate removal right back to this Court.

10

## CONCLUSION

For the reasons stated above, Plaintiff's motion to remand (D.E. 9) is respectfully denied.

So ordered.

_____
Mark Filip
United States District Judge
Northern District of Illinois

Dated: 6-21-05